UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>C&C FLOORING et al.,<br><br>　　　　Defendants. | 2:14-cv-00204-RCJ-PAL<br><br>**ORDER** |

　　　The Court verbally granted Plaintiffs' motion for default judgment as against two of the remaining Defendants and solicited a proposed judgment. Plaintiffs have submitted a proposed judgment for $25,210.51 in unpaid contributions, $2,471.02 in interest, $3,749.35 in liquidated damages, $4,098.07 in audit fees, $32,629.00 in attorney's fees, and $1,466.18 in costs. After credit for payments made, Plaintiffs seek a total of $40,076.44.

　　　The Court rejects the proposed judgment without prejudice. The itemizations of attorney's fees adduced are completely redacted except for dollar amounts, so the Court cannot determine whether the fees claimed are reasonable. (*See* ECF No. 28-10). Next, an award of both liquidated damages and the other fees and interest sought would normally be double counting under ordinary principles of contract law. Liquidated damages are a substitute for other

measures of damages like attorney's fees and interest where the latter kinds of damages are not available and the actual harm caused by a breach is extremely difficult to calculate. Here, neither of these justifications applies. Congress, however, has provided a statutory list of available measures of damages, and it has listed interest as a measure of damages twice, first under § 1132(g)(2)(B) as interest *qua* interest, and second as an alternative to liquidated damages under § 1132(g)(2)(C)(i). In other words, the greater of liquidated damages or a second measure of interest is in substance imposed as a statutory penalty. *See, e.g.*, *Moriarty v. Svec*, 429 F.3d 710, 720–21 (7th Cir. 2005). Although such a penalty might not be permitted under the common law of contract, no rule of which the Court is aware prevents the imposition of statutory penalties in the present context. Under § 1132(g)(2)(C)(i), in addition to the interest awarded under § 1132(g)(2)(B), a plan is entitled to a penalty equal to the greater of: (1) interest on unpaid contributions; and (2) liquidated damages, capped at 20% of unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(B)–(C). In this case, the liquidated damages claimed exceed the interest and are within the 20% cap. In summary, the Court accepts the claim of liquidated damages but rejects the proposed judgment without prejudice because Plaintiffs have yet to adduce itemizations of the claimed attorney's fees.

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Proposed Judgment (ECF No. 32) is REJECTED. Plaintiffs may submit another proposed judgment consistent with this Order.

IT IS SO ORDERED.

Dated this 13th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge