UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> C&C FLOORING et al., ) <br> ) <br> Defendants. ) | 2:14-cv-00204-RCJ-PAL <br><br> **ORDER** |

*Table formatting approximate; actual caption follows:*

EMPLOYEE PAINTERS TRUST et al.,

        Plaintiffs,

vs.

C&C FLOORING et al.,

        Defendants.

2:14-cv-00204-RCJ-PAL

**ORDER**

    The Court verbally granted Plaintiffs' motion for default judgment as against two of the remaining Defendants and solicited a proposed judgment. Plaintiffs submitted a proposed judgment for $25,210.51 in unpaid contributions, $2,471.02 in interest, $3,749.35 in liquidated damages, $4,098.07 in audit fees, $32,629.00 in attorney's fees, and $1,466.18 in costs. After credit for payments made, Plaintiffs seek a total of $40,076.44.

    The Court rejected the previous proposed judgment without prejudice because the itemizations of attorney's fees adduced were completely redacted except for dollar amounts, so the Court could not determine whether the fees claimed were reasonable. (*See* ECF No. 28-10). The Court indicated it intended to approve all other amounts sought.

Plaintiffs have adduced the proposed judgment again, along with the fee schedules, seeking $32,629 in attorney's fees.  Accepting the hours and rates as reasonable, the Court will award attorney's fees in the amount of $6,895.67.  The C&C Defendants were only two of twelve Defendants in this case.  Most of the attorney labor concerned investigations and negotiations with the various Defendants.  It is not reasonable to hold the C&C Defendants liable for attorney's fees incurred due to claims purely against other Defendants.  Based on its overall sense of the case and the fee schedule adduced, the Court estimates that Plaintiffs' attorneys' labor throughout the case was roughly evenly attributable to each Defendant.  *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).  The Court will not closely examine each entry but will do "rough justice," *see id.*, by granting all of the fees claimed that clearly relate to the present default, i.e., most of the claims on page 20 and 21 of the fee schedule adduced, for $1,749, and one-sixth of the remaining fees, for $5,146.67.  The total is $6,895.67.  Counsel shall prepare a form of judgment to reflect these amounts.

## CONCLUSION

IT IS HEREBY ORDERED that the Proposed Judgment (ECF No. 36) is REJECTED, without prejudice.

IT IS SO ORDERED.

Dated this 7th day of May, 2015.

_____
ROBERT C. JONES
United States District Judge